Johnny Ray **ENGLISH** and Bruce Deason, Petitioners,

v.

The **DISTRICT COURT OF ADAIR COUN-TY**, Oklahoma, et al., Respondents.

**No. A–17125.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1972.

An Original Proceeding from the District Court of Adair County; E. G. Carroll, Judge.

Tony Jack Lyons, Gary J. Dean, David R. Van Horn, Pryor, for petitioner.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Chief, Criminal Division, for respondents.

BUSSEY, Presiding Judge:

Johnny Ray English and Bruce Deason, hereinafter referred to as defendant English and defendant Deason, were indicted on three counts by a Grand Jury in Adair County, Oklahoma, on October 22, 1971. Upon arraignment, both defendants orally requested that they be furnished a transcript of the testimony of all the witnesses that testified against them. The indictments were subsequently dismissed and Informations filed, the defendants again orally requesting transcripts. Said requests were granted by Associate District

Judge David Harris on November 3, 1971. On December 13, 1971, Judge C. F. Bliss sustained the State's motion to set aside Judge Harris' order furnishing defendants with transcripts of the Grand Jury testimony, and from said order, a writ of Mandamus has been perfected to this Court.

The questions before this Court are fourfold: (1) Do the defendants have a legal right to the transcripts of the Grand Jury testimony? (2) Who has the authority to order the Court Reporter to transcribe the testimony? (3) What legal procedure is to be followed in applying to the proper authority? (4) Who designates what testimony is to be furnished?

■ We conclude that first the defendants do have the right to the testimony of the witnesses that testified against them at the Grand Jury. Title 22 O.S., § 340 provides in part:

"A qualified court reporter shall be present and take the testimony of all witnesses and upon request a transcript of said testimony or any portion thereof shall be made available to an accused or the district attorney, at the expense of the requesting party or officer, and, in the event of an indgent accused, at the expense of the state. . . ."

We are of the opinion that fundamental justice prohibits the State from depriving defendants the benefit of the transcripts of the Grand Jury by dismissing the indictments and filing Informations.

■ We next must consider who has the authority to order the Court Reporter to transcribe the testimony. Title 22, § 524 provides in part as follows:

"Upon the return and filing of an indictment for a felony, the defendant so charged and arrested thereon, or the State, *upon filing a request in writing,* shall be entitled to have a copy of *said indictment,* certified by the Court Clerk, filed with a District, Superior, Common Pleas or County Judge, *to be designated by the Judge presiding over the grand jury,* and the defendant shall have a pre-

liminary hearing thereon, before such designated Judge, as a magistrate, as though said charge had been originally filed by verified information, with such magistrate, and under the law applying to the institution and conduct of prosecutions by information filed by the State. Any such request must be filed within ten (10) days after the filing of such indictment with the Court Clerk, or within ten (10) days after the defendant charged under said indictment has been arrested thereon, whichever is later." (Emphasis added.)

We are of the opinion that although 22 O.S., § 340 does not provide who has the authority to order the Grand Jury testimony to be transcribed, it would seem most significant that neither the State nor the defendant may obtain even a copy of the indictment without the approval of the judge presiding over the Grand Jury, or the judge designated by the presiding judge. We thus conclude that the intent of the Legislature would preclude a judge other than the judge presiding over the Grand Jury or a judge designated by the presiding judge to order the Grand Jury testimony transcribed.

■■ We next observe that the Legislature failed to establish the proper procedure to request the testimony to be transcribed. We are of the opinion that the procedure should be similar to that of applying for a copy of the indictment. In all cases hereafter, the defendant or the State shall make a request in writing to the Court Clerk, directed to the Presiding Judge of the Grand Jury, or to the judge designated by the Presiding Judge, within ten (10) days after the filing of the indictment, or within ten (10) days after the defendant charged under said indictment has

been arrested thereon, whichever is later. It shall be provided further that no Preliminary Hearing should be conducted until such time as the transcript is provided to the parties.

The final question before this Court is "Who designates what testimony is to be transcribed?" The Attorney General succinctly points out in his Supplemental Brief the definite need to protect the "cloak of secrecy" surrounding Grand Jury proceedings. He argues that if defense counsel is able to designate specific witnesses' testimony to be transcribed, such witnesses may have testified in matters involving many different criminal activities, and as a result thereof, the State, in effect, would be opening its "criminal intelligence files" to defense counsel. We are of the opinion that this contention is well taken.

■ We, thus, conclude that upon the filing of the written request for testimony to be transcribed, the Presiding Judge of the Grand Jury, or the designated judge by the Presiding Judge, should set the same down for hearing. After hearing presentations by both sides, the judge should examine the testimony with the Court Reporter and within the discretion of the judge, shall limit the evidence to the crimes specified in the indictments or indictments returned.

In conclusion, we observe that in the instant case, the defendants did not make a proper application for the testimony to be transcribed in accordance with this opinion; however, because this is a case of first impression, we are of the opinion that the defendant or the State should be afforded an opportunity to make a proper application, notwithstanding the time limitations to be applied henceforth.

BRETT and SIMMS, JJ., concur.