S. M. Fallis, Jr., Dist. Atty., Frank Hagedorn and Ronald Shaffer, Asst. Dist. Attys., Tulsa County, Paul Ferguson, Asst. Atty. Gen., for petitioner.

Jack B. Sellers, Sapulpa, for respondent.

BUSSEY, Presiding Judge:

Tom Lester Pugh and Albert McDonald, hereinafter referred to as defendant Pugh and defendant McDonald, were charged by Information in the District Court of Tulsa County, Oklahoma, on November 24, 1970, with the crimes of Murder, in Case No. CRF–71–2169, Murder in Case No. CRF–71–2170, and Maliciously Injuring a Person by Means of an Explosive in Case No. CRF–71–2171. On January 24, 1971, motions were filed before the designated judge requesting transcriptions of certain witnesses' testimony taken before two prior Grand Juries, and from said order directing the transcription of the testimony, a Writ of Prohibition has been perfected to this Court.

Defendants' assertions are twofold: (1) That under statutory law, the defendants were entitled to disclosure of the Minutes of the Grand Juries to the extent ordered

**The STATE of Oklahoma, ex rel. S. M. FALLIS, Jr., District Attorney of Tulsa County, Oklahoma, Petitioner,**

**v.**

**Honorable Jess MIRACLE, Assigned District Judge sitting in Tulsa County, Oklahoma, Respondent.**

**Nos. A–17240—A–17242.**

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

by the respondent, and, (2) That even without aid of statute law, defendants are entitled to disclosure of the Grand Jury testimony to the extent requested.

The briefs reflect that on September 28, 1970, a Grand Jury was convened in the District Court of Tulsa County. Several witnesses, including Arliss Delbert Self, Cleo Epps, and Georgia Whipple Jenkins, appeared before the Grand Jury. The Jury adjourned on October 2, 1970, and returned no indictments. On February 8, 1971, another Grand Jury was convened in the District Court of Tulsa County. Among the many witnesses that appeared were Arliss Delbert Self and Martin Edwards. This Grand Jury was adjourned on March 19, 1971, again returning no indictments. Defendants were charged by Information on November 24, 1971.

On January 24, 1971, defendants filed written motions before the designated judge to be furnished transcripts of the testimony of Arliss Delbert Self, Cleo Epps, and Georgia Whipple Jenkins given at the first Grand Jury and the testimony of Arliss Delbert Self and Martin Edwards at the second Grand Jury.

Defendants first argue that they are entitled to a transcript of the Grand Jury testimony by authority of 22 O.S., § 340, which provides in part as follows:

"  *   *   *   A qualified court reporter shall be present and take the testimony of all witnesses and upon request a transcript of said testimony or any portion thereof *shall be made available to an accused* or the district attorney, at the expense of the requesting party or officer, and, in the event of an indigent accused, at the expense of the state   *   *   *" (Emphasis added)

This section was first construed in the case of English et al. v. District Court of Adair County et al., Okl.Cr., 492 P.2d 1125. In *English*, supra, the defendants were indicted by Grand Jury. The defendants subsequently requested the transcription of the testimony of the Grand Jury witnesses, whereupon the State of Oklahoma dismissed the indictments and proceeded by filing Informations. In granting the Writ of Mandamus, we stated:

"We are of the opinion that fundamental justice prohibits the State from depriving defendants the benefit of the transcripts of the Grand Jury by dismissing the indictments and filing Informations."

In the instant case the defendants were not indicted by the Grand Juries. Defendants argue that, although they were not indicted, they had, in fact, the status of an "accused" within the meaning of 22 O.S., § 340. We are of the opinion that the defendants did not have the status of an "accused" during the courses of the previous Grand Jury's proceedings within the meaning of 22 O.S., § 340. We decline to expand the rule laid down by this Court in *English*, supra, to hold that the defendants are entitled to the transcripts of the Grand Jury's testimony. Title 22 O.S., § 340 is comprehensive in the extreme, and this Court will not enlarge or extend its provisions as to who may obtain transcripts of the Grand Jury testimony under the provisions of § 340, which are: (1) only a person who has been indicted by the Grand Jury; (2) a person who has been indicted by the Grand Jury, the indictment dismissed and an Information filed; or (3) the District Attorney upon proper application is entitled to have the testimony transcribed and be furnished a copy thereof.

Having held that the defendants do not have statutory authority to obtain the transcripts, we must now determine if they are entitled to it absent such authority. We first observe that the witnesses, Epps, Self, and Edwards are deceased, and as such, their testimony to the Grand Juries would not be admissible at the trials of the defendants. We further observe that the witness, Georgia Whipple Jenkins, has been endorsed as a State's witness on the Informations, and that the defendants will be afforded ample opportunities of examining her testimony at the Preliminary Hearings.

Because of the authorities cited and the holding of this Court in the companion case of State of Oklahoma ex rel. S. M. Fallis, Jr. v. Truesdell, Okl.Cr., 493 P.2d 1134, we decline to hold that the defendants are entitled to the transcripts of the Grand Jury's witnesses absent statutory authority. The Writ of Prohibition is granted.

SIMMS, J., not participating.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge (concurring in part, dissenting in part):

I agree that under the unique circumstances in which this matter arose that the Writ should issue. However, notwithstanding this Court's holding in the *English* case, supra, I think the defendants should be provided the testimony of Georgia Whipple Jenkins. These defendants are "accused," called by another name.