**Criston Eugene RUSH, Petitioner,**

v.

**The Honorable Bana BLASDEL, and The Oklahoma County District Court, Respondent.**

**No. P 90–1355.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1991.

## ORDER GRANTING WRIT OF PROHIBITION AND/OR MANDAMUS

Petitioner filed in this Court December 28, 1990, an application for writ of prohibition and/or mandamus requesting the District Court of Oklahoma County be ordered to provide the Petitioner the sworn statements taken by the District Attorney before the Multicounty Grand Jury pertaining to the criminal charges now facing the Petitioner. The issuance of this Order is not intended to delay the preliminary hearing scheduled to begin January 3, 1991.

Petitioner's application to this Court reflects that the Multicounty Grand Jury returned no indictment against him. However, Petitioner alleges the State of Oklahoma commenced an action June 27, 1990, in the District Court of Oklahoma County by filing an Information in Case No. CF–90–3420.

Petitioner further alleges he filed a motion December 14, 1990, to obtain "sworn statements taken by the District Attorney" before the Multicounty Grand Jury and that the Honorable Bana Blasdel sustained Petitioner's motion at a hearing December 20, upon a filing of a motion to reconsider, and on December 27, 1990, the District Court heard the State's application to reconsider and Petitioner alleges that based upon this Court's recent ruling in *Steven Lee Allen v. The District Court of Washington County, et al.,* 62 OBJ 69 (Okl.Cr. January 1, 1991), the District Court set aside its ruling of December 20, 1990, and denied the Petitioner the Multicounty

Grand Jury transcripts. This Court notes while Petitioner is requesting "sworn statements", in reality he is requesting a transcript of the testimony before the Multicounty Grand Jury.

We find *Steven Lee Allen v. The District Court of Washington County, et al.,* 62 OBJ 69 (Okl.Cr. January 1, 1991), allegedly relied upon by the District Court, is not applicable to the issue before this Court as the issue presented here is covered by a specific statute and in this instance is not included within the provisions of the *Allen* decision. Furthermore, Petitioner relies erroneously upon 22 O.S.1981, § 749(A).

The Legislature has addressed the disclosure of testimony before a grand jury. Title 22 O.S.Supp.1987, § 350, states:

This act shall be known and may be cited as the 'Multicounty Grand Jury Act'. All matters not specifically governed by the provisions of the Multicounty Grand Jury Act shall be subject to the provisions governing grand juries. If the provisions of the Multicounty Grand Jury Act conflict with the provisions governing grand juries, the provisions of the Multicounty Grand Jury Act shall govern.

Section 355(A) further provides:

"... a grand juror, attorney, interpreter, stenographer, operator of any recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the multicounty grand jury only when so directed by the court."

Therefore, § 340, which states:

"... A qualified court reporter shall be present and take the testimony of all witnesses and *upon request* a transcript of said testimony or any portion thereof shall be made available *to an accused* or the district attorney, at the expense of the requesting party or officer, and, in the event of an indigent accused, at the expense of the state...." (emphasis added)

is applicable. Section 340 is a special statute which deals with the rights of an "accused". The provisions of Section 340 are not restricted to a particular time in the criminal process but rights accrue when an "accused" makes a request. It is the find-ing of this Court that although the Multicounty Grand Jury returned no indictment against Petitioner, Petitioner nevertheless became an "accused" when the Information was filed against him and is therefore entitled, *upon request,* to a transcript of the testimony before the Multicounty Grand Jury. *See Miller v. State,* 522 P.2d 642 (Okl.Cr.1974).

This Court is aware of its holding in *State ex rel. Fallis v. Miracle,* 494 P.2d 676 (Okl.Cr.1972), wherein we held only a person who has been indicted by the Grand Jury; or a person who has been indicted by the Grand Jury, the indictment dismissed and an Information filed; or, the District Attorney upon proper application, may obtain transcripts of the Grand Jury testimony under the provisions of Section 340. To the extent *Miracle* is inconsistent with this Order, it is hereby expressly overruled.

IT IS THEREFORE THE ORDER OF THIS COURT that Petitioner's request for a writ of prohibition and/or mandamus be GRANTED. The District Court is to provide Petitioner, upon request, at his expense, the transcript of the testimony before the Multicounty Grand Jury. As Petitioner has allegedly made his request to the District Court and paid for the transcripts, the transcript should be expeditiously provided to him, but should not be cause to delay the preliminary hearing.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge