In re PROCEEDINGS OF MULTICOUNTY GRAND JURY, CASE NO. CJ–92–4110.

GRIFFIN TELEVISION, INC., KFOR–TV, Inc., Combined Communications Corp. of Oklahoma, d/b/a KOCO–TV, Oklahoma Publishing Company, Petitioners,

v.

The Honorable Donald POWERS, Presiding Judge of Multicounty Grand Jury in Case No. CJ–92–4110, in the District Court of Oklahoma County, State of Oklahoma, and Identified Persons Subpoenaed as Witnesses to Multicounty Grand Jury Proceedings, Respondents.

PERSONS SUBPOENAED AS WITNESSES TO MULTICOUNTY GRAND JURY PROCEEDINGS, Petitioners,

v.

The Honorable Donald E. POWERS, Presiding Judge of Oklahoma Multicounty Grand Jury in the District of Oklahoma County, Oklahoma, Case No. CJ–92–4110; Griffin Television, Inc.; KFOR–TV, Inc.; Combined Communications Corp. of Oklahoma, aka KOCO–TV; the Oklahoma Publishing Company; and the Associated Press, Respondents.

No. O–92–1181.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1993.

ORDER DENYING MEDIA'S PETITION
FOR WRIT OF MANDAMUS AND
GRANTING WITNESSES' PETITION
FOR WRIT OF MANDAMUS

Griffin Television, Inc., KFOR–TV, Inc., Combined Communications Corporation of Oklahoma, d/b/a KOCO–TV, and Oklahoma Publishing Company, later joined by Associated Press (hereinafter collectively the "Media") filed an application to assume jurisdiction and petition for writ of mandamus in the Oklahoma Supreme Court, No. 80570, relating to the Oklahoma Multicounty Grand Jury, No. CJ–92–4110, and naming as Respondents the Honorable Donald E. Powers, Presiding Judge of the Multicounty Grand Jury, and identified persons subpoenaed as witnesses to Multicounty Grand Jury proceedings (hereinafter the "Witnesses"). Subsequently, the Witness-es responded to the Media application and filed their own application to assume jurisdiction and petition for writ of mandamus in the Oklahoma Supreme Court, No. 80624, also relating to the Oklahoma Multicounty Grand Jury, No. CJ–92–4110, and naming as Respondents Presiding Judge Powers and the Media. The Media responded to, and moved to quash, the Witnesses' petition.

The Oklahoma Supreme Court consolidated the cases and transferred them to this Court for determination and answer by order in the above-styled matter. Initially, this Court directed that a response be filed by the Attorney General for the State of Oklahoma. Oral arguments by the Witnesses, the Media and the Attorney General were also requested and were held before this Court on Friday, January 22, 1993, at 10:00 a.m.

At issue in this proceeding is whether hearings before the court and the presiding judge concerning immunity for multicounty grand jury witnesses should be (i) open to the public and the media, (ii) open to only the public, or (iii) conducted in secret. Presiding Judge Powers ruled that witness immunity hearings before the Court, in Multicounty Grand Jury Case No. CJ–92–4110, should be open to the public, but not the media. In their petition for writ of mandamus, the Media challenge Presiding Judge Powers' ruling and ask that he be directed to allow the media to attend all hearings that are open to the public. The Witnesses also challenge the ruling in their petition for writ of mandamus by asking that Presiding Judge Powers be ordered to conduct all hearings concerning immunity for Multicounty Grand Jury witnesses with neither the public nor the press being present in the courtroom. In their motion to quash, the Media ask that the Witnesses' petition be found fatally defective.

In ruling on the grand jury secrecy issues presented to him, Presiding Judge Powers had little authority to guide him. Oklahoma statutory law and case law is sparse with respect to issues involving the secrecy of grand juries and grand jury proceedings. The ruling by Presiding

Judge Powers has forced a much needed clarification and further development of Oklahoma law concerning the issue.

■ In support of their petition for writ of mandamus, the Media correctly argue that, absent unique circumstances not present here, they have a right, under the First and Fourteenth Amendments to the United States Constitution, to access proceedings which are open to the public. U.S. Const. amends. I & XIV; *Oklahoma Publishing Company v. District Court In and For Oklahoma County*, 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977). However, because we find that Multicounty Grand Jury proceedings should be open neither to the public nor to the media, we find that their petition for writ of mandamus should be, and is hereby, DENIED.

Prior to addressing closure of Multicounty Grand Jury proceedings, the merits of the Media's motion to quash should be addressed. The main contentions by the Media are (i) the Witnesses were not aggrieved by Presiding Judge Power's ruling which excluded the media and (ii) the Witnesses failed to object to, or challenge, ruling thus failing to adequately present the issues in their petition to, and be refused relief by, Presiding Judge Powers. The record before this Court confirms that Presiding Judge Powers decided not to exclude the general public from court proceedings concerning witness immunity. He thus considered and rejected the Witnesses' claim that all such proceedings should be conducted in camera. We find that any other alleged flaws in the Witnesses' petition have either been corrected or are not fatal defects and that the Media's motion to quash should be, and is hereby, DENIED.

Throughout history, grand jury proceedings have been conducted in, and surrounded by, secrecy. Commentators consider the basic principle, that grand jury proceedings are nonpublic, to be universal and the policies underlying that principle to be widely recognized. 2 S. Beale & W. Bryson, *Grand Jury Law & Practice*, § 7:02 (1986). The United States Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings and has noted several distinct interests served by safeguarding such secrecy, to-wit:

"First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testified would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that witnesses and persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211, 218–19, 99 S.Ct. 1667, 1672–73, 60 L.Ed.2d 156 (1979). It has been clearly established that it is constitutionally permissible to close grand jury proceedings and there is no First Amendment right of access to grand jury proceedings when the public is also excluded. *Press–Enterprise Company v. Superior Court of California For County of Riverside*, 478 U.S. 1, 8–10, 106 S.Ct. 2735, 2740–41, 92 L.Ed.2d 1 (1986); *see also* Fed.R.Crim.P. 6(e)(5) (advisory committee notes on 1983 amendment).

Oklahoma law concerning the secrecy of grand jury proceedings is not well developed. A general tenor of secrecy is found in the Oklahoma statutes in that only a limited list of designated persons are permitted to be present during sessions of a grand jury. 22 O.S.1991, § 340. Also, even those present may disclose matters occurring before the grand jury only when so directed by the court. 22 O.S.1991, § 355. Although witness immunity can only be requested from and granted by the court, for purposes of secrecy, such hearings cannot be distinguished and separated from matters occurring before the multi-

county grand jury within the confines of the grand jury room.

The procedures required to be followed in granting immunity obliges the State's attorney to ask the witness questions. In order to be granted immunity, the witness must refuse to answer by invoking Constitutional rights. This procedure, therefore, by its nature results in the disclosure of matters being inquired into by the grand jury. If the public and the media were present, secrecy surrounding grand jury proceedings would be pierced and the reasons for grand jury secrecy would be destroyed.

 The Witnesses' argument, that the Oklahoma Multicounty Grand Jury statutes are patterned after and should be interpreted the same as the Federal Rules of Criminal Procedure, is not particularly compelling. Section 355 of the Oklahoma statutes mirrors the general rule concerning grand jury secrecy in the Federal Rules which provides that the parties allowed in the grand jury room may not disclose matters occurring before the grand jury. Fed. R.Crim.P. 6(e)(2); 22 O.S.1991, § 355(A). However, the Federal Rules include additional provisions concerning secrecy that the Oklahoma statutes do not contain, such as federal court hearings on matters affecting a grand jury proceeding shall be ordered closed. Fed.R.Crim.P. 6(e)(5). In addition, the Federal Rules do not except witness immunity hearings from the prohibition against disclosure. Fed.R.Crim.P. 6(e)(3). The Federal Rules limit access to hearings concerning requests for transcripts from previous grand jury proceedings and limit the availability of such transcripts, all in order to protect the secrecy of the previous grand jury. Fed.R.Crim.P. 6(e)(3)(D) and (E). We will not interpret such omissions from the Oklahoma statutes as a conscious decision to exclude from secrecy protections court hearings on matters affecting a grand jury proceeding, including witness immunity hearings. We also find that hearings on requests for transcripts from previous grand jury proceedings must be conducted in secret and that an accused may only request grand jury transcripts which are applicable to the crime for which he/she was investigated by

the grand jury and for which he/she is now charged. 22 O.S.1991, § 340; *English v. District Court of Adair County,* 492 P.2d 1125, 1127 (Okl.Cr.1972). The holding in *Rush v. Blasdel,* 804 P.2d 1140 (Okl.Cr. 1991), is limited in accordance with this decision.

This Court has stated that witness immunity hearings must be conducted "in the open court room" and "before the Court in open session." *Hammers v. State,* 337 P.2d 1097, 1110–11 (Okl.Cr.1959); *Layman v. Webb,* 350 P.2d 323, 331 (Okl.Cr.1960). *Hammers* and *Layman* pertain to how the presiding party is to join in with proceedings of the deliberating party. These cases hold that the presiding judge must not invade the grand jury room during sessions of the grand jury to conduct witness immunity hearings. Designating the "open" courtroom as the place to conduct such hearings is obviously misleading, and perhaps unfortunate. However, we find that such language was not a determination that the public and the media should be allowed to attend such hearings.

Oklahoma is unusual in that grand jury matters concerning criminal cases fall within the appellate jurisdiction of this Court, whereas, all other grand jury matters, including the empaneling and authority of a grand jury, fall within the exclusive appellate jurisdiction of the Oklahoma Supreme Court. Okla. Const. art. VII, § 4. Because of such dual jurisdiction over grand jury matters, it is important that the two courts do not take conflicting positions concerning grand jury secrecy. We do not find that our position requiring secrecy of grand jury proceedings is in conflict with positions taken by the Oklahoma Supreme Court.

*Grand Jury of Seminole County v. Dye,* 571 P.2d 1200 (Okla.1977), is cited by one of the parties to establish what is meant by "open court" in a grand jury context. *Dye* interprets a specific statute that requires the drawing of grand jury panels be conducted in open court. The statute and the *Dye* opinion both indicate that although the drawing is held in public, the results of the drawing (i.e. the names of the persons drawn) must remain secret. *Dye,* 571 P.2d at 1203–04. The Oklahoma Supreme Court

has also acknowledged grand jury secrecy by stating the media is reasonably excluded from grand jury proceedings. *Oklahoma Publishing Company v. District Court of Oklahoma County,* 555 P.2d 1286, 1292 (Okla.1976).

In accordance with the foregoing, this Court finds and orders that the Witnesses' petition for writ of mandamus, asking us to direct Presiding Judge Powers to conduct all courtroom hearings concerning witness immunity with neither the public nor the press being allowed to be present, should be, and is hereby, GRANTED. This decision is an interpretation of procedures to be used in grand jury proceedings and shall be applied prospectively.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge